# UNITED STATES DISTRICT COURT
# IN AND FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| GABRIELA DELGADO ZARATE, | ) | CASE NO.  4:07-CV-335-RP-TJS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| GERARDO JACOBO CISNEROS BRAVO, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned magistrate judge makes the following Report and Recommendation:

On March 5, 2008 (Clerk's No. 18), the Court entered an order permitting the attorney for Respondent to withdraw.  In that same order, Petitioner was to advise the Court on or before March 20, 2008 as to whether she intended to continue prosecuting this case, and if so, she would be required to set forth detailed suggestions to the Court as to how she intended to proceed with scheduling and the establishment of a hearing date.

Petitioner has violated the Court's order.  Petitioner has not filed any type of report with the Court in compliance with that order, and she has not sought, by motion or otherwise, any extension of time in which to comply with the March 5, 2008 order.

Therefore, the undersigned magistrate judge respectfully recommends that this case be dismissed with prejudice pursuant to Fed. R Civ. P. 41 for Petitioner's violation of the Court order, and her failure to prosecute.

The parties have to and including April 16, 2008, to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v.

Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997).  Such extensions will be freely granted.  Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections.  See, Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357.  Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact.  Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

                Respectfully submitted,

Date:  March 26, 2008

                _____
                THOMAS J. SHIELDS
                CHIEF U.S. MAGISTRATE JUDGE